ELLEN HAAS v. ST. PAUL GASLIGHT COMPANY.

ADDIE KELLY v. SAME.[1]

February 3, 1911.

Nos. 16,933, 16,935—(223, 225).

**Escape of gas — verdict supported by evidence.**

In an action for damages for negligently permitting gas to escape into the dwelling of plaintiffs, by reason of which a fire was started therein, injuring their persons and property, it is *held* that the verdict is supported by sufficient competent evidence, and that there were no errors in the charge of the court justifying a new trial.

Two actions in the district court for Ramsey county, one by Ellen Haas to recover $3,869.50, and the other by Addie Kelly to recover $5,000, for personal injuries and damage to personal property resulting from an explosion of gas alleged to have been caused

[1]Reported in 129 N. W. 759.

---

[Note] Negligence in the escape and explosion of gas, see note in 29 L.R.A. 337.

by defendant's negligence. The answer in the Haas case admitted that on or about the time in question the gas meter had been removed by defendant, and the gas service discontinued; alleged that whatever injuries plaintiff sustained, if any, were caused not by defendant's negligence, but by the acts of plaintiff or persons other than defendant, its agents or employees; alleged that it had no knowledge sufficient to form a belief as to the extent to which the household furniture and wearing apparel were damaged by fire. The answer in the Kelly case denied that plaintiff was injured in person and property to any extent whatsoever. The cases were tried together before Orr, J., and a jury which returned a verdict for $2,069.50 in favor of Ellen Haas, and one for $1,200 in favor of Addie Kelly. In each case defendant appealed from an order denying its motion for a new trial. Affirmed in each case.

*How, Butler & Mitchell,* for appellant.

*Edgerton & Edgerton, John D. O'Brien* and *Dillon J. O'Brien,* for respondents.

BROWN, J.

These actions were brought to recover damages for personal injuries and for damage to personal property alleged to have been caused by the negligence of defendant. Both actions are predicated upon the same act of alleged negligence, and by consent of the parties were tried together. Each plaintiff had a verdict, and defendant appealed from an order made in each case denying its motion for a new trial.

It is contended by defendant that the court below erred in denying a new trial for the reasons (1) that the evidence is insufficient to sustain the verdict, and (2) errors in the charge of the court to the jury.

1. Plaintiffs resided in a dwelling house situated on Pleasant Avenue, in the city of St. Paul, as tenants. Mrs. Kelly occupied with her family the lower floor, and Mrs. Haas the upper floor. The building was equipped for gas, which was supplied by defendant. On April 29, 1908, Mrs. Kelly, having previously rented another

residence, was preparing to remove from this building. She had requested defendant to remove the gas meter to her new home, and it was removed by an employee of defendant on the morning of that day. After the meter was removed, the house gradually became filled with gas. It became so strong that Mrs. Kelly, who was engaged in packing her goods for removal, found it necessary to raise the windows to permit it to escape. At about six o'clock in the evening she closed the windows, shortly after which, and at about the time Mrs. Haas lighted a fire in her wood stove on the second floor, an explosion occurred and set the house on fire, seriously injuring plaintiffs, and damaging the property of both. The theory of the case as disclosed by the trial, as respects the negligence relied on for recovery, was that the employee of defendant who removed the gas meter negligently failed properly to shut off the gas, by reason of which it continued to escape, and to fill the entire house, and was ignited by the fire started by Mrs. Haas. It was the contention of defendant below, and again in this court, that the evidence wholly fails to sustain this claim of negligence. We do not concur in this claim. We have read the record, and find therein ample evidence to sustain the allegations of the complaint, and to justify the jury in finding that the sole cause of the fire and resulting damage to plaintiffs and their property was the negligence of defendant's employee, who removed the gas meter and failed properly to shut or turn off the gas. A discussion of the evidence would answer no useful purpose. It is sufficient to say that we have read it with the result stated.

2. We discover no error in the charge of the court. The complaint in each action alleged that immediately preceding the fire, and at the time the escaped gas was ignited, there was a violent explosion. The objections to the charge seem to be predicated upon the theory that the extent of the explosion—that is, the violence thereof—was an essential element in the case, having been made so by the pleadings. Counsel are in error. The gist of the action is that plaintiffs suffered damage from a fire started from gas, which escaped into the building because of the negligence of defendant. It would seem

wholly immaterial whether the origin of the fire was accompanied by a violent or mild explosion.

Order affirmed in each case.

JAGGARD, J., took no part.